**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4361**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

DOSTER MANGUM, JR.,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   Louise W. Flanagan, Chief District Judge.  (4:10-cr-00061-FL-1)

Submitted:  November 28, 2011     Decided:  December 20, 2011

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Doster Mangum, Jr. pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). Prior to sentencing, Mangum's advisory Guidelines range was seventy-seven to ninety-six months' imprisonment pursuant to the U.S. Sentencing Guidelines Manual ("USSG") (2010). The Government moved for an upward departure because Mangum's criminal history category underrepresented the seriousness of his criminal history and failed to adequately account for Mangum's likelihood of recidivism. The court granted the Government's motion and sentenced Mangum to 108 months' imprisonment. Mangum now appeals. We affirm.

When the district court imposes a departure sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Under USSG § 4A1.3(a)(1), the district court may upwardly depart from the Guidelines range if the court determines that "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" The court may consider

2

prior sentences not used in computing the criminal history category. USSG § 4A1.3(a)(2)(A).

We find that the district court did not err in upwardly departing. Mangum's thirty-five criminal history points are almost three times the thirteen points required to place him in the highest criminal history category. The court considered Mangum's extensive criminal conduct in depth. The court had ample evidence before it to determine that the Guidelines range did not adequately represent the seriousness of Mangum's criminal history and his likelihood of recidivism. Accordingly, the court did not err in upwardly departing.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED